IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP, INC., *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     CIVIL ACTION 06-0547-WS-C ) |
| SUSAN JOHNSON, | ) ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Susan Johnson's Motion to Set Aside Clerk's Entry of Default (doc. 15).

On March 8, 2007, a Clerk's Entry of Default (doc. 14) was entered against Johnson pursuant to Rule 55(a), Fed.R.Civ.P., based on her failure to plead or otherwise defend this action within the temporal parameters set by the Federal Rules of Civil Procedure. Several weeks later, on April 5, 2007, Johnson, by and through counsel, filed her Motion requesting that the default be set aside on grounds of mistake, inadvertence, surprise or excusable neglect based on Johnson's former counsel's failure to take action to protect her interests in this action.

Consideration of defendant's Motion begins with the well-worn proposition that "defaults are seen with disfavor because of the strong policy of determining cases on their merits." *Florida Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *see also In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (similar). In that regard, the Eleventh Circuit has recognized that "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim." *Ehlers*, 8 F.3d at 783 (citation omitted). Indeed, "[d]efaults are reserved for rare occasions and when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Canfield v. VSH Restaurant Corp.*, 162 F.R.D. 431, 434 (N.D.N.Y. 1995).

Bearing the disfavored status of defaults in mind, the Court turns to Rule 55(c), Fed.R.Civ.P., which provides that "[f]or good cause shown the court may set aside an entry of

default." *Id.*[1]  In determining whether the requisite good cause exists, courts balance an array of factors, including principally whether the default was willful, whether the plaintiff would be prejudiced by a set-aside, and whether the defendant had a meritorious defense. *See, e.g., Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Biton v. Palestinian Interim Self Government Authority*, 233 F. Supp.2d 31, 33 (D.D.C. 2002); *Canfield*, 162 F.R.D. at 433; *see generally KPS & Associates, Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 12 (1st Cir. 2003) (relevant factors include willfulness of default, prejudice to adversary if default is set aside, existence of meritorious defense, defendant's explanation for default, parties' good faith, amount of money involved, and timing of motion to set aside default).  The "good cause" analysis is not susceptible to a precise formula, but is necessarily a flexible inquiry based on the particular circumstances in a given case.  *See Compania Interamericana*, 88 F.3d at 951.  Accordingly, no talismanic significance is accorded any of these factors; rather, the overarching question is whether circumstances exist that warrant a finding of good cause to set aside the Clerk's Entry of Default against Johnson. *Id.*

Based on the materials presented with the Motion, the Court finds that Johnson has made a sufficient showing of good cause.  In particular, Johnson's explanation reflects that her default was not willful, but was instead the result of excusable neglect in the form of her failure to follow up to ensure that her former counsel had taken sufficient steps to protect her interests in this lawsuit.  Moreover, Johnson cites as a meritorious defense her contention that she "did not download the vast majority of the materials" that the Complaint accuses her of downloading, and that she may have legal defenses under copyright law as well.  Finally, there is no indication in the record that plaintiffs may be prejudiced if the default is set aside; to the contrary, plaintiffs have expressly represented to the Court that they do not oppose the granting of the Motion.  (*See* doc. 17.)

For all of the foregoing reasons, the Court finds that defendant's Motion to Set Aside

---

[1]  No default judgment has entered in this case.  This is potentially significant, inasmuch as "[t]he excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).

Clerk's Entry of Default (doc. 15) is due to be, and the same hereby is, **granted**. For good cause shown, the Clerk's Entry of Default (doc. 14) is hereby **set aside** pursuant to Rule 55(c), Fed.R.Civ.P. To get this case back on track without further delay, defendant is **ordered** to file her answer or other responsive pleading by no later than **May 2, 2007**.

    DONE and ORDERED this 18th day of April, 2007.

                                              s/ WILLIAM H. STEELE
                                              UNITED STATES DISTRICT JUDGE